■ In the Matter of 8TH STREET PARKING CORPORATION, Appellant, v DEPARTMENT OF CONSUMER AFFAIRS OF THE CITY OF NEW YORK et al., Respondents.—Order and judgment (one paper) of the Supreme Court, New York County (Diane Lebedeff, J.), entered January 5, 1989, vacated and the application determined as though the proceeding, pursuant to CPLR article 78, had been transferred to this court for determination and, upon such transfer and review, the decision of respondent dated July 6, 1987, following a hearing, which found that respondent violated Department of Consumer Affairs General Regulations § 15 (2) by failing to allow a Department inspector into the nonpublic areas of its parking garage for the limited purpose of inspecting for compliance with the applicable regulations of the Department and the New York City Administrative Code, unanimously confirmed, and the petition dismissed, without costs.

Department of Consumer Affairs General Regulations § 15 (2), challenged by the petitioner as unconstitutional in its authorization of warrantless searches of the nonpublic areas of the licensee's premises, is constitutional. The parking garage industry is a pervasively regulated business, and the warrantless inspection authorized is necessary to further the regulatory scheme which is clearly informed by a substantial governmental interest (New York v Burger, 482 US 691). The determination that the regulation was violated is supported by the inspector's testimony as well as by the testimony of petitioner's employees that they denied the inspector access to the lower, nonpublic level of the garage and requested that he

wait for their supervisor to accompany him. That testimony clearly constituted substantial evidence *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). Concur—Murphy, P. J., Kupferman, Asch, Wallach and Rubin, JJ.